**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**ARRIN BARBER,**

               Petitioner,        08 Civ. 8179 (JGK)

      - against -              MEMORANDUM OPINION
                                                 AND ORDER
**UNITED STATES OF AMERICA,**

               Respondent.[1]

------------------------------------

**JOHN G. KOELTL, District Judge:**

    The petitioner, Arrin Barber, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petitioner seeks to have 334 days that he spent in state custody credited to a 240-month federal sentence that he is currently serving.  For the reasons explained below, the petition is denied.

I

    On May 13, 2001, the petitioner was arrested in Pennsylvania by the Lancaster City police based on an outstanding warrant for assault and domestic violence.  (Decl. of J.R. Johnson ("Johnson Decl.") ¶ 3.)  During the arrest, the police discovered marijuana and cocaine wrapped in plastic bags

---

[1] The Warden of the institution where the petitioner is confined is the proper respondent in this habeas proceeding.  See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).  Therefore, Warden Killian of the Federal Correctional Institution Otisville, New York should be substituted for the United States of America as the proper respondent and the caption should be changed accordingly.

in the petitioner's vehicle.  (Johnson Decl. ¶ 3.)  The petitioner was released on bond on May 18, 2001.  (Johnson Decl. ¶ 3.)

The petitioner was arrested again on June 13, 2001 for possession of a controlled substance.  (Johnson Decl. ¶ 4.)  After the arrest, he remained in the Lancaster County Prison until February 15, 2002, when he was released on bond.  (Johnson Decl. ¶ 4.)

On May 8, 2002, the Lancaster County Court of Common Pleas sentenced the petitioner to twenty-three months in prison based on the events of May 13 and June 13, 2001.  (Johnson Decl. ¶ 5.)  The court gave the petitioner prior custody credit for the time he served in Lancaster County Prison between May 13 and May 18, 2001, and between June 13, 2001 and May 8, 2002—a total of 334 days.  (Johnson Decl. ¶ 5.)  The court then granted the petitioner immediate parole on May 8, 2002.  (Johnson Decl. ¶ 5.)

Approximately five months later, on October 30, 2002, the Bureau of Alcohol, Tobacco, and Firearms arrested the petitioner on federal drug and firearms charges.  (Johnson Decl. ¶ 6.)  The petitioner was released on bond on November 4, 2002.  (Johnson Decl. ¶ 6.)

Almost two years later, on August 2, 2006, the petitioner pleaded guilty to the federal drug and firearms charges, and the

2

United States District Court for the Eastern District of Pennsylvania sentenced the petitioner to 240 months and one day in prison. (Johnson Decl. ¶ 8.) The petitioner received credit for the time he spent in federal custody between October 30 and November 4, 2002; he also received credit for one day he spent in state custody in July 2004 and for almost two years he spent in federal custody between August 2004 and August 2006 for pre-trial violations. (Johnson Decl. ¶ 9.) The petitioner is currently held at the Federal Correctional Institution in Otisville, New York.

II

The petitioner argues that the 334 days he spent in state custody in 2001 and 2002 should be credited to his federal sentence because his federal sentence is based on the same events as his state incarceration. The petitioner argues that the Bureau of Prisons erroneously failed to grant him prior custody credit for those days.

A

As an initial matter, the petitioner is not entitled to habeas corpus relief because he has failed to exhaust the administrative remedies available to him. The Second Circuit Court of Appeals has held that "federal prisoners must exhaust their administrative remedies prior to filing a petition for

habeas relief." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001) (citing Guida v. Nelson, 603 F.2d 261, 262 (2d Cir. 1979) (per curiam)). This rule applies where, as here, a prisoner attempts to challenge the computation of prior custody credit. See United States v. Wilson, 503 U.S. 329, 335 (1992) ("[P]risoners have been able to seek judicial review of these computations [for prior custody credit] after exhausting their administrative remedies . . . ." (citations omitted)).

The procedure for seeking administrative relief on a claim relating to an aspect of a prisoner's confinement, including a claim relating to the computation of prior custody credit, is set forth in 28 C.F.R. §§ 542.10-16. See Wilson, 503 U.S. at 335. To exhaust these procedures, a prisoner must file an Administrative Remedy Request with the prison and then must appeal the prison's decision to the Regional Director and then to the Bureau of Prisons' General Counsel in Washington, D.C. See 28 C.F.R. §§ 542.14(a), 542.15(a). Here, the petitioner has taken none of these actions, nor does he argue that his failure to do so should be excused. Therefore, because the petitioner has failed to exhaust his administrative remedies, his habeas petition must be denied.

B

In any event, the petitioner's claim is without merit. Section 3585(b) of Title 18 of the United States Code provides
4

that a defendant is entitled to prior custody credit for time "spent in official detention prior to the date the sentence commences;" however, credit will be granted only for time "that has not been credited against another sentence." The language of the statute is plain; indeed, the Supreme Court has stated that "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337. Here, when the Lancaster County Court of Common Pleas sentenced the petitioner on May 8, 2002, the court gave him credit for the 334 days he spent in state custody in 2001 and 2002. It is plain that the petitioner is not entitled to "double credit" for this time because it has already been credited against another sentence. Therefore, the petitioner's argument is without merit. Accordingly, his petition for habeas corpus is denied.

## CONCLUSION

The petition for habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) because the petitioner has failed to make a substantial showing of the denial of a constitutional right. The Clerk is directed to

enter judgment dismissing the petition and closing this case.

**SO ORDERED.**

**Dated:**   New York, New York
April 17, 2010

_____
John G. Koeltl
United States District Judge